IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| MANUEL LUCERO, | ) | Cause No. CV 08-93-BLG-RFC-CSO |
|       Petitioner, | ) ) | |
| vs. | ) ) | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| SAM LAW, Warden, Crossroads Correctional Center, | ) ) ) | |
|       Respondent. | ) ) | |

On August 4, 2008, Petitioner Manuel Lucero applied to proceed *in forma pauperis* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Lucero is a state prisoner proceeding *pro se*.

**I. Jurisdiction**

Lucero purports to file the instant petition under 28 U.S.C. § 2241, but he is in custody pursuant to the judgment of a state court. See Mem. in Supp. of Pet. (doc. 2) ("Mem.") at 1-2, 9. "[Section] 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention." White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004) (relying on Felker v. Turpin, 518 U.S. 651, 662 (1996)); see also Greenawalt v. Stewart, 105 F.3d 1287, 1287-88 (9th Cir. 1997) (per curiam) (holding that state prisoner cannot use § 2241 to elude second or successive

provisions of §§ 2254 and 2244) (citing Felker).  Accordingly, Lucero's petition falls under 28 U.S.C. § 2254(a).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court lacks jurisdiction to consider a second or successive petition under § 2254 where the petitioner has already filed one federal petition that was not dismissed for failure to exhaust state remedies. See 28 U.S.C. § 2244(b)(1), (2), (3)(A); Burton v. Stewart, 549 U.S. 147, ___, 127 S. Ct. 793, 794 (2007) (per curiam) (remanding case adjudicated and appealed on merits to district court for dismissal for lack of jurisdiction); Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).

On March 14, 2005, Lucero filed a petition for a writ of habeas corpus in this Court.[1]  He challenged a judgment entered on May 23, 2002, in Montana's Thirteenth Judicial District Court, Yellowstone County, for assault on a peace officer.  See Pet. (doc. 1) at 1, ¶ 3, Lucero v. Mahoney, Cause No. CV 05-42-BLG-RWA (D. Mont. Mar. 14, 2005); State v. Lucero, 97 P.3d 1106, 1108-09, ¶ 10 (Mont. 2004).  The federal petition was denied on the merits on January 17, 2006.  See Order Denying Pet. for Writ of Habeas Corpus (doc. 8) at 10, Lucero, No. CV 05-42-BLG-RWA (D. Mont. Jan. 17, 2006).  Lucero did not appeal.

In a document attached to his motion to proceed in forma pauperis, Lucero says:

> This is the first time Petitioner is bringing his case to the **United States District Court**.  Petitioner should not be time-barred nor should the AEDPA be applied to this petitioner because this is the first time he is bringing his case to the **FEDERAL COURT** as well as issues that should of been on his original appeal to the Montana Supreme Court by Court Appointed Appeal Counsel but they weren't.

Supp. to Mot. (doc. 3 #2) at 1 (emphases in original).  Lucero also omits his previous filing in this

---

[1]

Court in the case history set forth in his Memorandum.  <u>See</u> Mem. at 2, ¶¶ 1-6.  Setting aside the fact that AEDPA's time bar applies to first-time federal filers and to claims of ineffective assistance of counsel, the Court's records permit no doubt that the Manuel Lucero # 15239 who filed <u>Lucero v. Mahoney</u> in 2005 is the same Manuel Lucero # 15239 who filed the instant action.

Although Lucero now attacks an April 2008 decision by the Montana Supreme Court, the 2001 Yellowstone County judgment underlies Lucero's motion in the Montana Supreme Court as well as the instant petition.  <u>See</u> Mem. at 2, ¶¶ 1, 5-6; <u>id.</u> at 9.  Therefore, Lucero must obtain leave from the Ninth Circuit Court of Appeals "*[b]efore* a second or successive application . . . is filed in the district court."  28 U.S.C. § 2244(b)(3).

The records of the Ninth Circuit Court of Appeals show that Lucero "did not seek, much less obtain, authorization to file."  <u>Burton</u>, 127 S. Ct. at 796.  Consequently, this Court lacks jurisdiction to proceed with this action at this time.  The petition should be dismissed as an unauthorized second or successive petition.

## II. Certificate of Appealability

The foregoing analysis is based on clearly established, unambiguous law.  There is no basis for a reasonable jurist to conclude that Lucero's petition is anything other than a second federal petition requiring preauthorization before it may be filed in this Court.  A COA is not warranted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. All pending motions (docs. 3, 4) are MOOT.

2. The Petition (doc. 1) should be DISMISSED for lack of jurisdiction as an unauthorized

second or successive petition.

    3.  The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

    4.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

Lucero must immediately advise the Court of any change in his mailing address while this action remains pending.

DATED this 7th day of August, 2008.

        /s/ Carolyn S. Ostby
        Carolyn S. Ostby
        United States Magistrate Judge