IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.
2008 SEP 3 AM 11 29
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| MANUEL LUCERO, ) | CV-08-93-BLG-RFC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER ADOPTING FINDINGS |
| ) | AND RECOMMENDATIONS OF |
| SAM LAW, Warden, Crossroads ) | U.S. MAGISTRATE JUDGE |
| Correctional Center, ) | |
| ) | |
| Defendant. ) | |

On August 7, 2008, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation (*Doc. 5*) with respect to Plaintiff's petition (*Doc. 1*), which he characterizes as writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, but which Magistrate Judge Ostby correctly treated as a 28 U.S.C. § 2254 petition because Lucero is in custody on a state court judgment. Magistrate Judge Ostby recommends this Court dismiss Plaintiff's petition as an unauthorized second or subsequent petition for habeas corpus. Magistrate Judge Ostby further recommends this Court deny a certificate of appealability.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1).[1] In this matter, Lucero filed objections on August 18, 2008. *Doc. 6.* These objections require this Court to make a *de novo* determination of those

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

1

portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1).

Lucero's first objection is that Magistrate Judge Ostby erred in construing his petition as a § 2254 petition. He claims that § 2254 authorizes a prisoner to attack his *sentence,* and because he is attacking his *conviction,* § 2241, not § 2254, is the proper provision. Regardless, the Ninth Circuit Court of Appeals has expressly held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert,* 370 F.3d 1002, 1009-1010 (9th Cir. 2004). Since the record clearly reflects that Lucero is incarcerated pursuant to the judgment of the Thirteenth Judicial District Court of Yellowstone County, Montana, this objection is not well-taken.

Lucero's second objection is that the Montana Supreme Court's decision that his habeas corpus petition filed in that court was procedurally barred "should be construed as new evidence." *Doc. 6,* p. 1. Specifically, Lucero alleges this decision is new evidence that his counsel provided ineffective assistance because he did not appeal issues which the Montana Supreme Court stated "were, or could have been raised, in his appeal." However, this possibility does nothing to change the fact that the current petition is Lucero's second or subsequent habeas petition.

For those reasons, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

**IT IS HEREBY ORDERED** that:

(1)   Lucero's Petition (*Doc. 1*) is **DISMISSED**;

(2)   all pending motions (Docs 3 & 4) are therefore **MOOT**;

(3)   no certificate of appealability shall issue; and

(4)   the Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

Finally, the Court notes that Lucero field a notice of appeal along with his objections to the Findings and Recommendations. *Doc. 6-2*. That notice is premature. If Petitioner intends to appeal this decision he must file another notice of appeal after judgement is entered, as required by Rule 4(a) & (c) Fed.R.App.P.

Dated this ____ day of September, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

3